UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19 CR 325 JAR / DDN |
| ) | |
| JALON MOORE, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The pretrial *pro se*[1] motion of defendant Jalon Moore to dismiss the indictment due to violations of the Speedy Trial Act (Doc. 69) was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b).

Defendant argues that more than 70 non-excludable days have passed since he first appeared on the indictment without his trial having begun, in violation of the Speedy Trial Act, especially 18 U.S.C. § 3161(c)(1).  According to defendant, the failure of the Court to rule certain oral and written pretrial motions within 30 days of their being "under advisement" resulted in the 70-day limitations period being exceeded.  Defendant seeks dismissal of the indictment.  (Doc. 69.)

The government argues that the Speedy Trial Act limitations period of 70 days has not been violated for several reasons:  The limitations period begins again with the initial appearance of each new defendant added to the case; the limitations period is tolled by the pendency of the defendant's oral motion to suppress and the government's oral motion for a determination by the Court of the admissibility of its arguably suppressible evidence;  the limitations period is also tolled by the Court's decision that this is a complex case; the pendency of the motions of co-defendant Larry Rhines also toll the limitations period for defendant Moore; and the filing of defendant Moore's own current motion to dismiss and his earlier motion to continue the deadline

---

[1] The Court is mindful of its having granted defendant until June 24, 2020, to file formal written motions through counsel.  The Court's taking up defendant's *pro se* motion does not diminish defense counsel's opportunity to file other pretrial motions.

for filing pretrial motions and the evidentiary hearing date have also tolled the limitations period. (Doc. 77.)

## FACTS RELEVANT TO COMPLIANCE WITH SPEEDY TRIAL ACT

From the record of the action, the Court finds the following facts relevant to defendant's motion to dismiss under the Speedy Trial Act:

## FACTS

1. The indictment against defendants Jalon Moore, Larry Rhines, and Garry Johnson was filed on April 25, 2019. In various combinations, the three were charged with six armed robberies and weapons offenses.  Defendant Moore is charged in all 12 counts.  (Doc. 1.)

2. On April 25, 2019, the government filed a motion for Moore's pretrial detention. (Doc. 5.)

3. On April 29, 2019, defendant Moore was brought before a judge of this Court for his initial appearance.  A detention hearing and defendant's arraignment were set for May 1, 2019. (Doc. 11.)

4. On May 1, Moore waived his detention hearing and was ordered detained.  (Doc. 27.)

5. On May 9, 2019, defendant Moore was arraigned.  In that proceeding, defendant Moore filed an oral motion for additional time to review evidence and to file pretrial motions (Doc. 38); Moore's counsel made an oral motion generally to suppress arguably suppressible evidence, perhaps to be followed by a specific documentary motion (Doc. 39), and the government made an oral motion for a determination by the Court of the admissibility or not of any arguably suppressible evidence (Doc. 40).

6. On May 9, 2019, the Court granted defendant's motion for additional time to file motions through July 3, 2019.  (Doc. 41.)

7. Also on May 9, 2019, co-defendant Johnson was arraigned and file an oral motion so suppress evidence.  (Doc. 36.)

8. On May 15, 2019, the government moved for the case to be designated a complex case under the Speedy Trial Act.  (Doc. 42.)

9.     On September 30, 2019, for defendants Moore, Garry Johnson the Court issued an amended order designating the case a complex case for the purposes of the Speedy Trial Act. In that order defendant Moore was granted until December 4, 2019, to file additional pretrial motions and an evidentiary hearing was set for December 18,2019. (Doc. 48.) The complex nature of this case, as described by the Court in this order, bears repeating:

> The government now moves for this case to be designated a complex case under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (ii). (Doc. 42.) And defendant Johnson has moved for an extension of time in which to consider filing pretrial motions or a waiver thereof. (Doc. 47.)
>
> In support of its motion, the government disclosed that this case involves five armed robberies in the Eastern District of Missouri by three defendants. Collectively, defendants have been charged with: (1) conspiracy to obstruct, delay, or affect commerce by robbery; (2) conspiracy to possess and brandish firearms in furtherance of a crime of violence; and (3) five substantive counts of armed robbery and five counts of brandishing a firearm in furtherance of those robberies, for a total of twelve counts. The discovery in this case is voluminous and involves multiple, court-authorized warrants for cellular telephones, GPS tracking devices, search warrants for residences, search warrants for cars, surveillance videos, data "dumps" from cell phones, and multiple police reports. The discovery in the case includes hundreds and perhaps thousands of pages of documents. Additionally, the case involves several arguably suppressible events including post-arrest interviews and search warrants that occurred during the course of the investigate. The United States estimates that the trial in this case could potentially last at lease ten days depending upon the number of defendants electing to proceed to trial.
>
> The court has considered the bases of the parties' motions, including the complex [] nature of the offenses charged against defendant, the very extensive pretrial discovery the government will produce to defendant in the near future, the information set forth in the government's instant motion, and the fact that government counsel has stated that it has arguably suppressible evidence against defendant.
>
> Upon this record, the court finds and concludes, after taking into account the exercise of due diligence by defense counsel, that this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, that to deny any movant-defendant's motion for an extension of time to consider filing pretrial motions, or a waiver thereof,

> would be a miscarriage of justice and deny that defendant and that defense counsel a reasonable period of time necessary for effective investigation and preparation and filing of pretrial motions, or a waiver thereof. Further, the ends of justice served by granting the motions of the government and of the defendant outweigh the best interests of the public and of the defendants in a speedy trial.

(Doc. 48.)

10. On October 10, 2019, co-defendant Larry Rhines made his initial appearance before a judge of this Court in this case. (Doc. 50.)

11. On October 16, 2019, defendant Larry Rhines was arraigned and filed an oral motion to suppress evidence and the government orally moved for a determination by the Court of the admissibility of the arguably suppressible evidence. (Docs. 55, 56, 57.)

12. On November 26, 2019, defendant Rhines filed a *pro se* motion for release from detention. (Doc. 64.)

13. On December 3, 2019, defendant Rhines filed a motion for additional time to obtain and review discovery materials and to determine whether to file pretrial motions. (Doc. 66.)

14. On December 6, 2019, the Court granted Doc. 66 and ordered that all defendants had until February 12, 2020, to file pretrial motions. (Doc. 67.)

15. On February 12, 2020, defendant Moore filed the instant *pro se* motion to dismiss the indictment for violation of the Speedy Trial Act. (Doc. 69.)

16. On February 14, 2020, defendant Rhines waived his right to file pretrial motions and his oral motion to suppress evidence, filed on October 16, 2019, was withdrawn.

17. On February 26, 2020, defendant Johnson waived his right to file pretrial motions and his oral motion to suppress evidence, filed on May 9, 2019, was withdrawn.

18. From the continuing complex nature of this case, all previously ordered extensions of time for the parties to consider and to file pretrial motions, to respond to motions, to prepare for hearings, to file post-hearing memoranda, and the time necessary for the Court to consider pending motions served the interests of justice in this factually complex case, and the ends of justice served by such passage of time outweighs the best interests of the defendants and of the public in a speedy trial.

19. Currently pending, besides the instant motion of defendant Moore to dismiss the case, are defendant Moore's oral motion to suppress evidence and the government's oral motion

for a determination by the Court of the admissibility of the arguably suppressible evidence, both filed at defendant Moore's arraignment on May 9, 2019.

## DISCUSSION

> Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of his indictment or first appearance, whichever is later. This seventy-day countdown automatically excludes any period of delay resulting from other proceedings concerning the defendant, including any delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. Exclusions of time attributable to one defendant apply to all codefendants.

*United States v. Mallett*, 751 F.3d 906, 910-11 (8th Cir. 2014) (all internal quotation marks and citations omitted) (cleaned up).

Defendant takes the position that, following the filing of a pretrial motion, the Court has 30 days in which to rule it and after that 30-day period expires without a ruling the Speedy Trial Act limitations period begins to run again. *See* Doc. 69 at 5 (stating that after defendant's May 9, 2019, filing of his oral motion to suppress evidence, the Court had 30 days to rule the motion), citing 18 U.S.C. § 3161(h)(1)(D) (providing that a delay is excludable that results "from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). Such is not the law. By its own language, § 3161(h)(1)(D) provides for the exclusion of time through the conclusion of the hearing on the motion. A motion to suppress in this case will call for the Court to receive evidence. Such a hearing has not been held and the Court has not ruled any motion to suppress. The entirety of the time from the filing of defendant's motion to suppress until 30 days after the evidentiary hearing to be held on it is excluded from the limitations period by § 3161(h)(1)(D).

The 70-day limitations period for commencement of trial began to run on April 30, 2019, the day after defendant Moore's first appearance in court on the indictment. 18 U.S.C. § 3161(c)(1); Fed. R. Crim. P. 45(a)(1)(A) (when computing a time period, the day of the event that triggers the period (e.g., first appearance in court) is excluded)). The period of time between the filing of the government's motion to detain defendant Moore on April 25, 2019, until the motion was sustained on May 1, 2019, is also excluded from the Speedy Trial Act (STA) calculation. *See Id.* § 3161(h)(1)(D).

Regarding the complex nature of this case, the Speedy Trial Act excludes any period of delay resulting from a continuance granted by the court based upon findings that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial, considering factors that include the complexity of the case. *See* 18 U.S.C. § 3161(h)(7A) and (B)(ii).  Defendant Moore does not deny the complex nature of the case or the fact that he and his co-defendants' pretrial motions to suppress evidence had overlapping periods of excludable time, until the co-defendants' motions to suppress were withdrawn recently.  Defendant's Moore's motion to suppress remains pending.

Defendant Moore filed his third motion for an extension of time to file pretrial motions on April 27, 2020. (Doc. 82.)  The Court granted Moore's motion and gave him until June 24, 2020, for that purpose. That order explicitly referenced the Speedy Trial Act, stating: "the time from the date of arraignment to the date pretrial motions or waiver thereof are to be filed is excluded from computation of the latest date for the trial setting as prescribed by the Speedy Trial Act." (Doc. 83.)

The motion of the government for defendant's pretrial detention was filed before his initial appearance and was ruled on May 1, 2019, before defendant Moore's arraignment on May 9, 2019. Therefore, arguably the only period of time not excluded from the Speedy Trial Act's trial limitations period are the days from and including May 2 to his arraignment on May 9, 2019, a period of 8 days.  The period May 9, 2019, to June 24, 2020, is presently excluded by the complexity of the case.

## CONCLUSION

For these reasons,

**IT IS HEREBY RECOMMENDED** that the motion of defendant Jalon Moore to dismiss the indictment due to violations of the Speedy Trial Act (Doc. 69) be denied.

The parties have 14 days to file written objections to this Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

                                                **DAVID D. NOCE**
                                                **UNITED STATES MAGISTRATE JUDGE**

Signed on April 29, 2020.