UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CR-00325 JAR ) |
| JALON MOORE, | ) ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

The parties hereby agree as follows:

**1. PARTIES:**

The parties are Defendant Jalon Moore, represented by defense counsel Chastidy Dillon-Amelung, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

A. **The Plea:** Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Counts Three, Four, Five, Seven, Eight, Nine, and Eleven of the Indictment, the United States agrees to dismiss Counts One, Two, Six, Ten, and Twelve, and that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at

this time, arising out of the events set forth in the Indictment.

**B.** **The Sentence:** The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. Defendant fully understands that the crimes to which a guilty plea is being entered into with respect to Counts Four and Eight require a mandatory minimum term of imprisonment of 84 months (7 years) each, consecutive to each other and to any other sentence imposed. The parties further agree that each party shall request a total sentence within the range of 180 months to 312 months. The parties also agree to jointly recommend that the sentence run concurrently, to the extent legally possible, to *U.S. v. Jalon Moore*, 3:19-cr-30058-NJR, which is pending in the United States District Court for the Southern District of Illinois. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.** **ELEMENTS:**

As to Counts Three, Five, Seven, Nine, and Eleven, Defendant admits to knowingly violating Title 18, United States Code, Section 1951, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(i) Defendant obtained, or attempted to obtain property, from a commercial establishment engaged in interstate or foreign commerce;

(ii) Defendant did so in the presence of another and against their will, through the wrongful use of actual or threatened force, violence, or fear of injury; and,

(iii) As a result of Defendant's actions, interstate commerce was obstructed, delayed, or affected.

As to Counts Four and Eight, Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(i) Defendant committed the crimes of armed robbery as set forth in Counts Three and Seven of the Indictment;

(ii) Defendant knowingly possessed and brandished a firearm in furtherance of those crimes.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Defendant Jalon Moore (a/k/a "Lonnie"), Larry Rhines, and Garry Johnson (a/k/a "Gee" and "Gee MBK") committed a string of armed robberies in 2019 within the Eastern District of Missouri. Each of the robberies involved a yellow Camaro (which was used as the getaway car), the brandishing of firearms, and the taking or attempted taking of money or cash from local businesses, by the use of force, threatened force, or violence.

The robberies are further described below.

### January 9, 2019, Mack Bar and Grill Robbery

On January 9, 2019, Defendant Jalon Moore, Larry Rhines, and Garry Johnson, robbed the Mack Bar and Grill at 4615 Macklind, St. Louis, Missouri, which is within the Eastern District of Missouri. At the time of the robbery, the Mack Bar and Grill was a commercial establishment engaged in interstate or foreign commerce and in the business of buying and

selling articles and commodities that have been previously transported in interstate or foreign commerce.

Defendant, Rhines, and Johnson brandished firearms during the robbery, using actual or threatened force to accomplish the robbery. Johnson carried a shotgun, while Defendant and Rhines had handguns. During the course of the robbery, Defendant, Rhines, and Johnson took property from several bar patrons and a bar employee. They pointed guns at patrons, demanding that the patrons give them money. After taking property and money from bar patrons and a bar employee, Defendant, Rhines, and Johnson then left the store. The property taken from the bar employee included cash belonging to the commercial establishment.

Defendant admits that his actions obstructed, delayed, and affected commerce in some way or degree. Defendant further admits that the handguns and shotgun discussed above are firearms under federal law, in that each of these firearms can expel a projectile by the action of an explosive. Defendant further admits that he brandished at least one of these firearms in furtherance of a crime of violence, *i.e.*, the robbery discussed above.

### February 9, 2019, Jimmy John's Robbery

On February 9, 2019, Defendant, Larry Rhines, and Garry Johnson robbed the Jimmy John's at 6459 Chippewa Street, St. Louis, Missouri, which is within the Eastern District of Missouri. At the time of the robbery, Jimmy John's was a commercial establishment engaged in interstate or foreign commerce and in the business of buying and selling articles and commodities that have been previously transported in interstate or foreign commerce.

Defendant, Rhines, and Johnson brandished firearms during the robbery, using actual or threatened force to accomplish the robbery. Johnson carried a shotgun, while Defendant

and Rhines had handguns. Defendant, Rhines, and Johnson demanded money from restaurant employees. Defendant, Rhines, and Johnson took United States currency from the restaurant safe.

Defendant admits that his actions obstructed, delayed, and affected commerce in some way or to some degree. Defendant further admits that the handguns and shotgun discussed above are firearms under federal law, in that each of these firearms can expel a projectile by the action of an explosive. Defendant further admits that he brandished at least one of these firearms in furtherance of a crime of violence, *i.e.*, the robbery discussed above.

### February 17, 2019, Subway Robbery

On February 17, 2019, Defendant Jalon Moore and Larry Rhines robbed the Subway at 1151 South Kingshighway Boulevard, St. Louis, Missouri, which is within the Eastern District of Missouri. At the time of the robbery, Subway was a commercial establishment engaged in interstate or foreign commerce and in the business of buying and selling articles and commodities that have been previously transported in interstate or foreign commerce.

Both Defendant and Rhines brandished firearms during the robbery, using actual or threatened force to accomplish the robbery. They demanded money located inside the Subway's safe. When the employee said she did not have access to the safe, Defendant and Rhines demanded money located inside the cash registers. In the presence of one or more Subway employees, Defendant and Rhines then took money from the cash registers and left the restaurant.

Defendant admits that his actions obstructed, delayed, and affected commerce in some way or to some degree. Defendant further admits that the firearms brandished during the

robbery are firearms under federal law, in that each of these firearms can expel a projectile by the action of an explosive. Defendant further admits that he brandished at least one of these firearms in furtherance of a crime of violence, *i.e.*, the robbery discussed above.

### March 18, 2019, Panda Express Attempted Robbery

On March 18, 2019, Defendant Jalon Moore, Larry Rhines, and Garry Johnson, attempted to rob the Panda Express at 4400 Hampton Avenue, St. Louis, Missouri, which is within the Eastern District of Missouri. At the time of the attempted robbery, the Panda Express was a commercial establishment engaged in interstate or foreign commerce and in the business of buying and selling articles and commodities that have been previously transported in interstate or foreign commerce.

Defendant and Rhines entered the Panda Express with the intent to commit a robbery. Garry Johnson, who also intended to participate in the robbery, attempted to enter the restaurant, but got locked outside the door. After entering the restaurant, Defendant and Rhines brandished firearms. Defendant and Rhines also demanded that a restaurant employee give them money from the store safe. After the employee said that he could not get in the safe (and while Defendant and Rhines were still attempting to get in the safe), an audible store alarm went off. At that point, Defendant, Rhines, and Johnson fled from the area of the restaurant. Defendant, Rhines, and Johnson either directly, and/or through aiding and abetting one another, brandished firearms during the attempted robbery, using actual or threatened force.

Defendant admits that his actions obstructed, delayed, and affected commerce in some way or to some degree. Defendant further admits that the firearms brandished during the

attempted robbery are firearms under federal law, in that each of these firearms can expel a projectile by the action of an explosive. Defendant further admits that he brandished at least one of these firearms in furtherance of a crime of violence, *i.e.*, the attempted robbery discussed above.

### March 21, 2019, Sprint Robbery

On March 21, 2019, Defendant Jalon Moore and Larry Rhines robbed the Sprint store at 5441 Hampton Avenue, St. Louis, Missouri, which is within the Eastern District of Missouri. At the time of the robbery, Sprint was a commercial establishment engaged in interstate or foreign commerce and in the business of buying and selling articles and commodities that have been previously transported in interstate or foreign commerce.

Both Defendant and Rhines brandished firearms during the robbery, using actual or threatened force to accomplish the robbery. The men demanded that the store employees let them into the store's safe, where Defendant and Rhines obtained iPhones and Apple watches, and further demanded money from the cash register. Defendant and Rhines then took iPhones, Apple Watches, and money belonging to the store.

Defendant admits that his actions obstructed, delayed, and affected commerce in some way or degree. Defendant further admits that the firearms brandished during the robbery are firearms under federal law, in that each of these firearms can expel a projectile by the action of an explosive. Defendant further admits that he brandished at least one of these firearms in furtherance of a crime of violence, *i.e.*, the robbery discussed above.

5. **STATUTORY PENALTIES:**

As to Counts Three, Five, Seven, Nine, and Eleven, Defendant fully understands that

the maximum possible penalty provided by law for each of the crimes to which Defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than 3 years.

As to Counts Four and Eight, Defendant fully understands that the maximum possible penalty provided by law for the crimes to which Defendant is pleading guilty is imprisonment of not less than 7 years and not more than life, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than 5 years. Defendant also fully understands that the crimes to which a guilty plea is being entered require a mandatory minimum term of imprisonment of at least 7 years on each count. Defendant fully understands that this sentence of 7 years (84 months) for each of Counts Four and Eight is required by law to run consecutively to one another as well as to any other sentence.

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A. **Offense Conduct:**

**COUNTS THREE, FIVE, SEVEN, NINE AND ELEVEN: INTERFERENCE WITH INTERSTATE OR FOREIGN COMMERCE BY ROBBERY**

**Count Three:** January 9, 2019, Mack Bar and Grill Robbery

(i) **Base Offense Level:** The parties agree that the base offense level for Count

Page 8 of 18

Three is 20, as found in Section 2B3.1(a).

(ii)  **Special Offense Characteristics**: The parties agree that the following Special Offense Characteristics apply to Count Three: none.

### Count Five: February 9, 2019, Jimmy John's Robbery

(i)  **Base Offense Level**: The parties agree that the base offense level for Count Five is 20, as found in Section 2B3.1(a).

(ii)  **Special Offense Characteristics**: The parties agree that the following Special Offense Characteristics apply to Count Five: five levels should be added pursuant to Section 2B3.1(b)(2)(C) because Defendant brandished a firearm.

### Count Seven: February 17, 2019, Subway Robbery

(i)  **Base Offense Level**: The parties agree that the base offense level for Count Seven is 20, as found in Section 2B3.1(a).

(ii)  **Special Offense Characteristics**: The parties agree that the following Special Offense Characteristics apply to Count Seven: none.

### Count Nine: March 18, 2019, Panda Express Attempted Robbery

(i)  The parties agree that the base offense level for Count Seven is 20, as found in Section 2B3.1(a).

(ii)  **Special Offense Characteristics**: The parties agree that the following Special Offense Characteristics apply to Count Nine: five levels should be added pursuant to Section 2B3.1(b)(2)(C) because Defendant brandished a firearm.

### Count Eleven: March 21, 2019, Sprint Robbery

(i)  **Base Offense Level**: The parties agree that the base offense level for Count

Seven is 20, as found in Section 2B3.1(a).

(ii) <u>Special Offense Characteristics</u>: The parties agree that the following Special Offense Characteristics apply to Count Eleven: five levels should be added pursuant to Section 2B3.1(b)(2)(C) because Defendant brandished a firearm.

### CHAPTER THREE ADJUSTMENTS APPLICABLE TO COUNTS THREE, FIVE, SEVEN, NINE AND ELEVEN (INTERFERENCE WITH INTERSTATE OR FOREIGN COMMERCE BY ROBBERY)

(i) <u>Grouping of Multiple Counts</u>: Pursuant to 3D1.2(d) and Application Note 6, the parties agree that five counts of interference with interstate or foreign commerce by robbery do not group.

The parties agree that the Combined Offense Level should be determined as follows: Three of the five counts of interference with interstate or foreign commerce (Counts Five, Nine, and Eleven) has an individual offense level of 25. The other counts (Three and Seven) have an individual offense level of 20. As such, there are 4 units and, therefore, the offense level is increased by 4 levels.

(ii) <u>Acceptance of Responsibility</u>: The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because Defendant has clearly demonstrated acceptance of responsibility and timely notified the government of Defendant's intention to plead guilty. The parties agree that Defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by Defendant which it believes are inconsistent with Defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that Defendant should not receive all or part of the deduction

pursuant to Section 3E1.1, without violating the plea agreement.

## ESTIMATED TOTAL OFFENSE LEVEL FOR COUNTS THREE, FIVE, SEVEN, NINE, AND ELEVEN

(i) **Total Offense Level:** The parties estimate that the Total Offense Level for Counts Three, Five, Seven, Nine, and Eleven (after determining a combined offense level and applicable adjustments) is 26. Depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that Defendant is or is not a Career Offender.

## COUNTS FOUR AND EIGHT: BRANDISHING A FIREARM IN FURTHERANCE OF CRIMES OF VIOLENCE

(i) **Base Offense Level:** As to Counts Four and Eight, the parties recommend that the base offense level is found in Sentencing Guidelines Section 2K2.4(b). Defendant fully understands that Counts Four and Eight require he serve a mandatory minimum term of imprisonment of 84 months (7 years) on those counts to run consecutively to each other as well as to any other sentence imposed.

(ii) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: None.

(iii) **Chapter 3 and 4 Adjustments:** Pursuant to Sentencing Guidelines Section 2K2.4(b), Chapters 3 and 4 of the Sentencing Guidelines do not apply to Counts Four and Eight. Therefore, as to these counts, Defendant is not entitled to the acceptance of

responsibility reduction under Sentencing Guidelines Section 3E1.1.

(iv) **Estimated Guidelines:** Based on these recommendations, the parties estimate that the Total Offense Level for each of these counts (Counts Four and Eight) is the minimum term of imprisonment required by statute, 84 months (7 years). Each mandatory minimum sentence of 84 months (7 years) must run consecutively to each other, as well as to any other term of imprisonment imposed. Depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant is a Career Offender, the Guidelines Sentence may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

~~COUNTS THREE, FOUR, FIVE, SIX, SEVEN, EIGHT, NINE, TEN, ELEVEN, AND TWELVE~~

B. **Criminal History:** The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

C. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

   A. **Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   (i). **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

   (ii) **Sentencing Issues:** In the event the Court accepts the plea and sentences Defendant within or below the jointly recommended sentencing range of 180 to 312 months, then, as part of this agreement, Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences Defendant to a sentence within or above the jointly recommended sentencing range of 180 to 312 months.

   B. **Habeas Corpus:** Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   C. **Right to Records:** Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or

the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   A. **Disclosures Required by the United States Probation Office:** Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

   B. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

   C. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

   D. **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $700, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the

Court shall be first used to pay any unpaid mandatory special assessment.

E. **Possibility of Detention:** Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

F. **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

G. **Forfeiture:** Defendant agrees to forfeit all of Defendant's interest in all items seized by law-enforcement officials during the course of their investigation and any property, constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense, and any property used or intended to be used, in any manner or part to commit or to facilitate the commission of such violations, and any firearm or ammunition involved in or intended to be used in such violations.

Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of Defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be

tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between Defendant and the United

States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

11-9-2021
Date

CASSANDRA J. WIEMKEN, #91586KY
Assistant United States Attorney

11/9/2021
Date

JALON MOORE
Defendant

11/9/2021
Date

CHASTIDY DILLON-AMELUNG
Attorney for Defendant

Page 18 of 18